

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00089-CV

PAMELA LOU BURDEN, Appellant

V.

STEVEN BRADLEY BURDEN, Appellee

On Appeal from the County Court
Delta County, Texas
Trial Court No. 1942

Before Morriss, C.J., Carter and Moseley, JJ.

# O R D E R

Pamela Lou Burden appeals from a judgment against her in a forcible detainer/eviction lawsuit in which Steven Bradley Burden, appellee, was awarded possession of the subject premises to Pamela's exclusion. The clerk's record was filed September 4, 2013, and the reporter's record has not been filed. Pamela claimed indigence and requested that the reporter's record be provided to her at no cost. We abated the matter to the trial court for a hearing on this issue. Notwithstanding Pamela's claims of indigence, the trial court determined that she had not satisfied the requirements of Section 13.003 of the Texas Civil Practice and Remedies Code; consequently, she does not qualify for a free reporter's record. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003 (West 2002).

On October 16, 2013, our clerk's office sent Pamela a letter informing her that she was not entitled to a free record and, in accordance with Texas Rules of Appellate Procedure 35.3 and 37.3, providing her the opportunity to either pay for the record or make satisfactory payment arrangements. *See* TEX. R. APP. P. 35.3(b)(3), (c), 37.3(c). We set October 28 as the deadline for Pamela to show this Court that satisfactory payment arrangements had been made with the court reporter. In response, Pamela filed a handwritten letter dated October 25 stating that she had contacted the court reporter, that payment arrangements had been made, and that the court reporter would be filing a motion for extension of time so that Pamela could satisfy the payment arrangements.

Upon receipt of Pamela's October 25 letter, our clerk's office contacted the court reporter, Dawn Rodden, to confirm the substance of Pamela representations. While Rodden

2

confirmed that Pamela had been in contact with her, she denied that satisfactory payment arrangements had been made and advised that she had not agreed to file a motion for extension of time on Pamela's behalf.

Offering Pamela another reasonable opportunity to cure the deficiency in the appellate record, our clerk's office sent her another letter dated November 6 requesting that she file with this Court a copy of a written, signed agreement reflecting the payment arrangements to which she and Rodden had agreed. *See id*. November 18 was set as the deadline for filing a copy of the agreement. Pamela was further instructed that the new deadline for filing the reporter's record was December 18 and that the agreement with Rodden should provide for the filing of the record on or before that date.

On November 18, Rodden filed a copy of the written agreement detailing the payment arrangements to which she and Pamela had agreed. The agreement required that Pamela pay a total of $240.00 broken into four weekly installments of $60.00 each. The first payment was due November 22, and the final payment was due December 13. The payments were to be made in the form of a money order, and the agreement included an address to which payments were to be mailed.

Our clerk's office contacted Rodden on December 18 to inquire about the status of the reporter's record. Rodden indicated at that time that Pamela made the first $60.00 payment on November 22 as scheduled but that she had made no further payments since that time. Our clerk's office contacted Rodden again on December 30 to determine if any additional payments had been made, and they had not.

3

On December 27, Pamela filed a motion for an extension of the deadline for filing the reporter's record. As cause, Pamela simply stated that she needed additional time to raise the money required to obtain the reporter's record. While we are not unsympathetic to Pamela's situation, we cannot allow this case to continue in this manner indefinitely. We provided Pamela with more than one reasonable opportunity to cure the defects in the appellate record as required by the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 37.3(c), and she failed to take advantage of those opportunities. Consequently, we are moving the case forward based solely on the clerk's record.

Appellant's motion to extend the deadline for filing the reporter's record is overruled. Appellant's brief is due to be filed with this Court on or before February 5, 2014. Briefing in this matter is to be limited to the facts and issues established by the clerk's record alone, unless the reporter's record is received by this Court on or before February 5, 2014. All other briefing deadlines will conform to the dictates of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.6.

Failure to abide by the terms of this order and to prosecute this appeal with effect may result in dismissal of the appeal for want of prosecution. *See* TEX. R. APP. P. 42.3.

IT IS SO ORDERED.

BY THE COURT

Dated: January 6, 2014

4